**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTH AMERICAN ELITE INSURANCE COMPANY, as subrogee of MAINE AVIATION CORPORATION d/b/a MAC AIR GROUP, *et al.*,<br><br>*Plaintiff*,<br><br>v.<br><br>GENERAL AVIATION FLYING SERVICE, INC. d/b/a MERIDIAN JET CENTER,<br><br>*Defendant*.<br><br>GENERAL AVIATION FLYING SERVICE, INC. d/b/a MERIDIAN JET CENTER,<br><br>*Third-Party Plaintiff*,<br><br>v.<br><br>SIGNATURE FLIGHT SUPPORT CORPORATION,<br><br>*Third-Party Defendant*. | Civil Action No. 18-14575<br>(JMV) (SCM)<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

Defendant/Third-Party Plaintiff General Aviation Flying Service, Inc. d/b/a Meridian Jet Center ("Meridian") brings a third-party complaint (the "Complaint" or "TPC") against Third-Party Defendant Signature Flight Support Corporation ("SFS") for common law indemnification and contribution. D.E. 25. Currently pending before the Court is SFS's renewed motion to dismiss

for lack of personal jurisdiction. D.E. 116. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the following reasons, SFS's motion to dismiss is **GRANTED**.

## I. BACKGROUND

The factual background of this case was outlined in detail in the Court's March 30, 2020 Opinion, D.E. 63, which is incorporated herein. As a result, the Court provides a brief summary of the relevant facts. The underlying Plaintiff in this matter, North American Elite Insurance Company, as subrogee of Maine Aviation Corporation ("MAC"), sued Defendant/Third-Party Plaintiff Meridian for damages incurred as a result of Meridian's allegedly faulty repair of a 2005 Cessna Citation CJ 3 aircraft (the "Aircraft"). D.E. 1 ¶¶ 2, 10-36. In turn, Defendant/Third-Party Plaintiff Meridian filed a Complaint against Third-Party Defendants SFS and On Site Aircraft Service, Inc. ("OSAS")[2] for indemnification and contribution in the event that Meridian is found liable. D.E. 25.

Meridian is a New Jersey corporation with its principal place of business in New Jersey. TPC ¶ 1. SFS is a Delaware corporation with its principal place of business in Florida "registered to conduct business in New Jersey." *Id*. ¶ 2. On July 8, 2016, a fire started in the Aircraft while it was parked on SFS's ramp at St. Louis Lambert International Airport in St. Louis, Missouri, and an SFS Employee discharged a fire extinguisher inside the Aircraft to extinguish the fire. *Id.* ¶¶

---

[1] SFS's brief in support of its motion to dismiss will be referred to as "SFS Br." (D.E. 116); Meridian's opposition to SFS's motion will be referred to as "Meridian Opp." (D.E. 123); and SFS's reply will be referred to as "SFS Reply" (D.E. 125). SFS also relies upon the Certification of Joseph Fontak ("Fontak Cert."), D.E. 116-2, and the attached exhibits, and Meridian relies upon the affirmation of Michael Maragoudakis, D.E. 122, and the attached exhibits.

[2] By stipulation dated March 11, 2022, Meridian's claims against OSAS were dismissed without prejudice. D.E. 126.

7-8. Meridian alleges that SFS knew, or should have known, that the fire extinguisher was not approved by the Federal Aviation Administration because such extinguishers "contain chemicals that are corrosive and abrasive, and may cause severe damage to the Aircraft and [its] electronic components." *Id*. ¶¶ 10-11.

Meridian filed its Complaint against SFS and OSAS on July 11, 2019. D.E. 25. SFS moved to dismiss Meridian's Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). D.E. 34. On March 30, 2020, the Court denied SFS's motion to dismiss without prejudice to permit jurisdictional discovery. D.E. 63. The Court found that Meridian had failed to establish personal jurisdiction because SFS is neither "at home" nor incorporated in New Jersey, does not have its principal place of business in New Jersey, and Meridian's claims do not "arise out of or relate to" SFS's contacts with New Jersey. *Id.* Following jurisdictional discovery, SFS filed a renewed motion to dismiss for lack of personal jurisdiction. D.E. 116. Meridian filed an opposition to the motion, D.E. 123, to which SFS replied, D.E. 125.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) permits a party to move to dismiss a case for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). In such a motion to dismiss, the plaintiff[3] "bears the burden of demonstrating the facts that establish personal jurisdiction." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). When a court "resolves the jurisdictional issue in the absence of an evidentiary hearing and without the benefit of discovery, the plaintiff need only establish a prima facie case of personal jurisdiction." *Otsuka Pharm. Co. v. Mylan Inc.*, 106

---

[3] The Court uses the common titles of plaintiff and defendant in describing the legal standard. The Court's analysis, however, is the same if the parties are actually third-party plaintiff and third-party defendants, as here.

F. Supp. 3d 456, 461 (D.N.J. 2015). In such cases, a court "take[s] the allegations of the complaint as true." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996).

However, once a defendant raises a jurisdictional defense, the "plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Id*. In other words, a court looks beyond the pleadings to all relevant evidence and construes all disputed facts in favor of the plaintiff. *See Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992). Plaintiff must establish "with reasonable particularity sufficient contacts between the defendant and the forum state." *Otsuka*, 106 F. Supp. 3d at 462 (citing *Mellon Bank (E) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). In addition, a court "may always revisit the issue of personal jurisdiction if later revelations reveal that the facts alleged in support of jurisdiction remain in dispute." *Otsuka*, 106 F. Supp. 3d at 462 n.5 (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 331 (3d Cir. 2009)).

### III.    ANALYSIS

Federal courts "engage[] in a two-step inquiry to determine whether [they] may exercise personal jurisdiction": (1) "whether the relevant state long-arm statute permits the exercise of jurisdiction," and (2) "if so, [whether] the exercise of jurisdiction comports with due process" under the Fourteenth Amendment. *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016) (citing *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 258-59 (3d Cir. 1998)); *see also* Fed. R. Civ. P. 4(k)(1)(A) (indicating that service "establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located"). "New Jersey's long-arm statute extends the state's jurisdictional reach as far as the United States Constitution permits, so the analysis turns on the federal constitutional standard for personal jurisdiction." *Id*. (citing *IMO Industries*, 155 F.3d at 259).

Accordingly, the two steps are collapsed into one and courts "ask whether, under the Due Process Clause, the defendant has certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (internal quotation marks omitted). In other words, to establish personal jurisdiction, the Due Process Clause requires (1) minimum contacts between the defendant and the forum; and (2) that jurisdiction over the defendant comports with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)).

"Personal, or in personam, jurisdiction, [generally] divides into two groups: 'specific jurisdiction' and 'general jurisdiction.'" *Display Works*, 182 F. Supp. 3d at 172 (citing *Burger King*, 471 U.S. at 472 n.14 (1985)).[4] Specific jurisdiction "depends on an affiliatio[n] between the forum and the underlying controversy (i.e., an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation)." *Id*. (quoting *Walden v. Fiore*, 571 U.S. 277, 284 n.6 (2014)). General jurisdiction "permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit." *Id*. (quoting *Walden*, 571 U.S. at 284 n.6). If a defendant is subject to a forum's general jurisdiction, the defendant can be sued there on any matter. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). If, however, a defendant is solely subject to specific jurisdiction, the defendant may only face suit in the forum if its activities concerning the forum are related to the claims in the suit. *Id.*

---

[4] There are other means to establish personal jurisdiction, such as consent, waiver, or in-state service. Those other methods are not at issue.

### A. General Personal Jurisdiction

General jurisdiction may be asserted over an out-of-state corporation "when [its] affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* For an entity, its "place of incorporation and principal place of business are paradigm bases for general jurisdiction[.]" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (internal quotations omitted). If general jurisdiction is established, a court may hear any and all claims against the defendant. *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 919.

This Court previously found that Meridian had failed to establish general personal jurisdiction over SFS because SFS is neither incorporated, nor has a principal place of business, in New Jersey. D.E. 63 at 6-7. Further, SFS's contacts with New Jersey were not so continuous and systematic such that it could be considered at home in New Jersey. *Id.* at 7-8. Specifically, the Court rejected Meridian's argument that the Court has general personal jurisdiction over SFS because SFS has operated in New Jersey for twenty-three years; maintains a registered agent for acceptance of service of process in New Jersey; has merged with two New Jersey corporations since 1996; and has seven "operations centers at airports located throughout" New Jersey. *Id.* at 7.

On its renewed motion to dismiss, Meridian does not argue that SFS is incorporated, or has a principal place of business, in New Jersey. Rather, as before, Meridian maintains that SFS is essentially at home in New Jersey. In support of this contention, Meridian rehashes many of the same arguments set forth in its initial motion to dismiss. *See* Meridian Opp. at 27-28. As the Court has already rejected those arguments, it will focus on Meridian's newly raised points: namely, that SFS leases the land for its New Jersey facilities; pays New Jersey taxes; advertises to customers in New Jersey; has insurance policies covering risks in New Jersey; and from 2015-

6

2019 earned more revenue in New Jersey than in its state of incorporation (Delaware) or principal place of business (Florida). *Id.* at 27-28. Meridian fails to provide any authority demonstrating that these activities or revenues render this an exceptional case that warrants the exercise of general jurisdiction. While this Court recognizes that SFS has contacts with New Jersey, "the general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts[;] [g]eneral jurisdiction instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide," because "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler*, 571 U.S. at 139 n.20. Even if SFS derives more revenue from New Jersey than Delaware or Florida, *see* Meridian Opp. at 28, it derived only around 10% of its overall revenue from operations in New Jersey during the relevant time period, *see id.* at 15. And as SFS notes, the volume of aircraft visiting SFS's bases in New Jersey comprises only 6-7% of its general aviation operations. SFS Br. at 12-13. Thus, SFS's presence in New Jersey hardly rises to the level of rendering it at home in this forum. *See Cohen v. Starbucks Corp.*, Civ. No. 19-2062, 2019 WL 2591164, at *3 (D.N.J. June 25, 2019) (finding that Starbucks' retail outlets in New Jersey were no more extensive than those in other states and thus that the "unremarkable circumstances…do not elevate Starbucks to 'at-home' status in New Jersey"). Moreover, Meridian has not shown that SFS's remaining New Jersey contacts, such as leasing land and paying taxes, constitute the type of "limited…affiliations" with the forum to render it amenable to general jurisdiction in New Jersey. *Bristol-Myers Squibb Co. v. Sup. Ct.*, 137 S. Ct. 1773, 1780 (2017) (internal quotation omitted). Thus, Meridian has not shown that SFS is

at home in New Jersey, and the Court finds that it lacks general personal jurisdiction over SFS.

B. **Specific Personal Jurisdiction**

Specific jurisdiction requires the defendant to have "purposefully directed [its] activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King*, 471 U.S. at 472 (internal citations and quotations omitted). The Third Circuit has developed a three-part test in determining whether specific personal jurisdiction exists as to a particular defendant. *O'Connor*, 496 F.3d at 317 (internal quotations omitted). First, the defendant must have "purposefully directed [its] activities at the forum."[5] *Id*. (internal quotations omitted). Second, the plaintiff's claims "must arise out of or relate to at least one of those activities." *Id*. (internal quotations omitted). Third, if the first two requirements are met, the exercise of jurisdiction must "otherwise comport with fair play and substantial justice." *Id*. (internal quotations omitted).

The Court previously found that SFS was not subject to specific personal jurisdiction because Meridian's claims did not "arise out of or relate to" SFS's contacts with New Jersey. D.E. 63 at 11. As to the first *O'Connor* factor, the Court found that SFS purposefully directed its activities towards New Jersey. *Id*. at 9. However, as to the second factor, the Court concluded that this litigation does not arise out of or relate to SFS's contacts with New Jersey because the conduct giving rise to this action happened entirely in Missouri, Meridian had not alleged that it had any contractual relationship with SFS that related to New Jersey, and no facts supported a

---

[5] This factor has also been characterized as "purposeful availment." *Burger King*, 471 U.S. at 475. The factor focuses on contact that the defendant itself created with the forum State. *Id.* The "purposefully directed" or "purposeful availment" requirement is designed to prevent a person from being haled into a jurisdiction "solely as the result of random, fortuitous, or attenuated contacts" or due to the "unilateral activity of another party or third person." *Id.* (internal quotations omitted) (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)); *World-Wide Volkswagen Corp.*, 44 U.S. at 299; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)).

finding that Meridian's indemnification and contribution claims concerning SFS's conduct in Missouri arise out of or relate to SFS's contacts with New Jersey. *Id.* at 10-11. Accordingly, the Court determined that it lacked specific personal jurisdiction over SFS. *Id.* at 11.

Meridian now argues that specific personal jurisdiction exists over SFS because it has an "overwhelming and active presence in New Jersey," operating seven facilities and advertising to customers in New Jersey. Meridian Opp. at 22. However, as SFS notes, this argument conflates general and specific jurisdiction, *see* SFS Reply at 4: contacts with New Jersey unrelated to the Aircraft fire cannot form the basis for specific jurisdiction. *See Bristol-Myers Squibb Co.*, 137 S. Ct. at 1776 ("When no such connection [between the forum and underlying controversy] exists, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State."); *Cohen v. Starbucks Corp.*, Civ. No. 19-2062, 2019 WL 2591164, at *4 (D.N.J. June 25, 2019) (finding that history between the plaintiff and the defendant within the proposed forum that "is not in any way related to" the underlying action was insufficient to establish specific jurisdiction in that forum).

Meridian also contends that SFS entered into a verbal contract with MAC for fueling the Aircraft "centered in" New Jersey. Meridian Opp. at 23. However, based on the deposition testimony of MAC's Chief Financial Officer Brigette Miller and SFS's Vice President Pasquale Raguseo, both of whom maintained that there was no contract, for fueling or otherwise, between MAC and SFS regarding the Aircraft, the Court is not persuaded that any such contract existed. *See* Fontak Cert., Ex. E at 142:7-144:10; Fontak Cert., Ex. G at 86:8-13. Moreover, even if MAC and SFS had a contract for fueling the Aircraft "centered in" New Jersey, Meridian has not demonstrated how fueling the Aircraft relates to the fire underlying this litigation. *See O'Connor*, 496 F.3d at 318 ("Identifying some purposeful contact with the forum is but the first step in the

specific-jurisdiction analysis. The plaintiffs' claims must also arise out of or relate to at least one of those contacts.") (internal quotations omitted). Thus, whether there was a valid verbal contract between MAC and SFS is immaterial, as Meridian has not demonstrated the connection between any such contract and the Aircraft fire giving rise to this action. Absent this connection, the Court cannot exercise specific jurisdiction over SFS. *See Kurzweil v. Amtrak*, Civ. No. 19-19388, 2020 WL 5760423, at *3 (D.N.J. Sept. 28, 2020) (finding that there was no specific jurisdiction where the plaintiff purchased Amtrak tickets in New Jersey because the defendant "could not have reasonably foreseen that their ticket sales or business in New Jersey—no matter how extensive—would subject them to suit in New Jersey for wholly unrelated negligence claims that occurred in Washington, D.C.").

Nor does *Ford Motor Co. v. Montana Eighth Judicial District Court*, - U.S. -, 141 S. Ct. 1017 (2021), compel a different result, as Meridian argues. *See* Meridian Opp. at 22. In *Ford*, the Court held that specific jurisdiction existed where the plaintiffs sustained injuries from defective Ford vehicles in the states in which they sued. *Id.* at 1032. The majority found that the suits related to Ford's contacts with the fora, observing that there was a "strong relationship among the defendant, the forum, and the litigation" because Ford had purposefully availed itself of the markets in the forum states for the relevant vehicle models. *Id.* at 1028 (internal quotation omitted). Here, no such "strong relationship" supporting a finding of specific jurisdiction exists: the injury giving rise to this litigation happened entirely in Missouri, not New Jersey, and Meridian has not identified any other compelling link between SFS, New Jersey, and the Aircraft fire giving rise to this litigation.

In sum, following jurisdictional discovery, Meridian has not established that the Court has personal jurisdiction over SFS.

## IV. CONCLUSION

For the foregoing reasons, SFS's renewed motion to dismiss for lack of personal jurisdiction, D.E. 116, is **GRANTED**, and Meridian's TPC is dismissed without prejudice. An appropriate Order accompanies this Opinion.

Dated: July 12, 2022

                                                             John Michael Vazquez, U.S.D.J.